UNITED STATES DISTRICT COURT      O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA DELEON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. M-12-338 |
| | § | |
| ALEJANDRO TEY, M.D., *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Maria DeLeon's ("Plaintiff") motion to remand.[1] After considering the motion, the non-diverse defendants' joinder,[2] the response,[3] the record, and the relevant authorities, the Court **GRANTS** the motion to remand.

### I.    Background[4]

Plaintiff initially sued Alejandro Tey, M.D. ("Dr. Tey") and Alejandro A. Tey, M.D. P.A. a/k/a Tey Women's Health Center (collectively, "Tey Defendants") in state court.[5] In her original petition, Plaintiff asserted that the non-diverse defendants were liable under theories of negligence for injuries that were allegedly caused by medical products which Dr. Tey surgically placed in her.[6] On August 24, 2012, Plaintiff filed her second amended petition and added claims against Johnson & Johnson and Ethicon, Inc. (collectively, "Manufacturing Defendants")

---

[1] Dkt. No. 7.
[2] Dkt. No. 10.
[3] Dkt. No. 11.
[4] The Court notes that it is unclear whether Plaintiff is alleging that her injuries were caused by multiple medical products or a single medical product. Because this ambiguity has no bearing on the propriety of remand, the Court will not attempt to resolve this ambiguity.
[5] Dkt. No. 1-2 at pp. 1-7.
[6] *Id*.

which allegedly manufactured and distributed products.[7]  Dr. Tey allegedly performed the procedures which placed the products in Plaintiff's body.[8]

Manufacturing Defendants removed this case, claiming that removal was proper based on 28 U.S.C. § 1332 because the amount in controversy requirement was met and Tey Defendants, the non-diverse defendants, were misjoined.[9]  Plaintiff filed a motion to remand which the non-diverse defendants joined in part.[10]  Manufacturing Defendants filed a response to the motion to remand.[11]

## II.     Analysis

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000.  Here, it is undisputed that the amount in controversy is satisfied.  Thus, Manufacturing Defendants must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[12]  Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[13]  "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[14]

In this case, the improper joinder argument advanced by Manufacturing Defendants is different than the improper joinder arguments typically encountered by this Court.  Specifically,

---

[7] Dkt. No. 1-2 at pp 15-31.
[8] *Id*.
[9] Dkt. No. 1 at ¶¶ 9-31.
[10] Dkt. Nos. 7 & 10.
[11] Dkt. No. 11.
[12] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[13] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[14] *Id*. (internal quotation marks and citation omitted).

Manufacturing Defendants do not dispute that "the complaint states a claim under state law against the in-state defendant[s]."[15] Instead, they allege that "[t]he professional negligence claims against [Tey Defendants] do not arise out of the same transaction or occurrence as the products liability claims brought against [Manufacturing Defendants].[16] Manufacturing Defendants argue that "[Tey Defendants] are fraudulently misjoined in this action, and thus their presence will not defeat diversity."[17]

Manufacturing Defendants identify *Tapscott v. MS Dealer Service Corp.*[18] as the source for their fraudulent misjoinder argument.[19] They also direct the Court to an opinion that acknowledged that "[t]he Fifth Circuit has not directly applied the fraudulent misjoinder theory."[20] Nevertheless, the Court will assume without deciding that that Fifth Circuit would be willing to employ the fraudulent misjoinder analysis.

In *Centaurus Unity v. Lexington Insurance Co.*, Judge Sim Lake explained that "[t]he fraudulent-misjoinder analysis is two-fold: (1) has one defendant been misjoined with another defendant in violation of the applicable joinder rules; and (2) if so, is the misjoinder sufficiently egregious to rise to the level of a fraudulent misjoinder."[21] The Court agrees with Judge Lake that fraudulent-misjoinder should be evaluated under the *state court joinder rules*.[22] Texas Rule of Civil Procedure 40(a) states in relevant part:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or

---

[15] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).
[16] Dkt. No. 1 at ¶ 25.
[17] Dkt. No. 1 at ¶ 22.
[18] 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).
[19] Dkt. No. 1 at ¶ 22.
[20] *Id*. (quoting Centaurus Unity v. Lexington Ins. Co., 766 F. Supp. 2d 780, 789 (S.D. Tex. 2011)).
[21] *Centaurus*, 766 F. Supp. 2d at 789 (citations omitted).
[22] *Id*. at pp. 789-90 & n. 27.

occurrences and if any question of law or fact common to all of them will arise in the action.[23]

Now, the Court must determine whether Tey Defendants and Manufacturing Defendants were properly joined in a single state court action.

In the state court petition, Plaintiff alleges that she was injured by defective products which Dr. Tey implanted in her. She also asserts that Manufacturing Defendants designed, manufactured, marketed, and distributed the defective products. The Court notes that defendants may be joined in one action even when the claim arises out of a "*series of transactions or occurrences*." The Court finds that it was permissible for Plaintiff to join Tey Defendants and Manufacturing Defendants in one action. Additionally, the Court notes that it was prudent for Plaintiff to sue all the defendants in the same action because it reduces the possibility that the defendants will prevail on "empty chair" defenses in separate lawsuits.

Furthermore, the Court is unconvinced by the authority that Manufacturing Defendants cited for the proposition that it was improper to join Tey Defendants and Manufacturing Defendants in the same suit. The Court has reviewed the "Management Order" attached by Manufacturing Defendants,[24] and finds that it is unpersuasive because that order contains no legal analysis. Furthermore, the Court finds that *Crockett v. R.J. Reynolds Tobacco Co.*,[25] is readily distinguishable from the facts of this case. Originally, in *Crockett*, "[Plaintiffs] allege[d] that the tobacco defendants' defective cigarettes and the health care defendants' negligence in failing to diagnose the decedent's cancer combined to cause her death."[26] But, the connection a doctor has with a manufacturer is much more attenuated when the doctor merely fails to diagnose a patient's condition that is caused by a defective product than when a doctor surgically

---

[23] Tex. R. Civ. P. 40(a).
[24] Dkt. No. 11-1.
[25] 436 F.3d 529 (5th Cir. 2006).
[26] *Id*. at 531.

implants a defective product in a patient's body.  Here Plaintiff alleges that Dr. Tey surgically implanted defective products in her body.  In short, *Crockett* does not support the conclusion that it was improper for Plaintiff to join Tey Defendants and Manufacturing Defendants in the same action.

Ultimately, the Court finds that Manufacturing Defendants have not demonstrated that it was improper for Manufacturing Defendants to be joined with the non-diverse Tey Defendants.  Furthermore, the Court is unconvinced that it should sever the claims against the non-diverse defendants.

### III.  Conclusion

After considering Plaintiff's motion to remand, Tey Defendants' partial joinder in the motion to remand, Manufacturing Defendants' response, the record, and the relevant authorities, the Court finds that Manufacturing Defendants have not met their burden of demonstrating that Tey Defendants and Manufacturing Defendants were improperly sued in the same action.  Also, the Court will not sever Tey Defendants.  Because Tey Defendants are properly joined in this lawsuit and the Court will not sever them, the parties are not completely diverse and the Court does not have subject matter jurisdiction.  Therefore, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this case to the 93rd District Court of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 25th day of October, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE